UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIN MURPHY<br><br>        Plaintiff,<br>v.<br><br>GLENCORE LTD.,<br><br>        Defendant. | Civil Action No. 3:18-cv-01027 (CSH)<br><br>October 25, 2018 |

## OMNIBUS RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO STRIKE

Pending before the Court is Plaintiff Erin Murphy's *Motion to Strike Defendant's Reply Memorandum of Law in Further Support of its Motion to Compel Arbitration* [Doc. 31] (the "Motion to Strike"). Plaintiff argues that Defendant's *Memorandum of Law in Further Support of its Motion to Compel Arbitration* [Doc. 27] (the "August 23 Memorandum"), submitted in response to Plaintiff's *Memorandum in Opposition to Defendant's Motion to Compel Arbitration* [Doc. 26] (the "Opposition Brief"), should be stricken in its entirety because it contains new arguments and was filed without conferring with Plaintiff's counsel or seeking leave from the Court. [Doc. 31 at 1.] In the alternative, Plaintiff seeks permission to file a surreply. [*Id.*] Defendant Glencore Ltd. ("Glencore" or "Defendant") opposes Plaintiff's Motion to Strike. [Doc. 32.]

Plaintiff has also moved for the Court to reconsider and vacate its Order dated September 7, 2018 [Doc. 29], in which the Court reserved judgment on *Plaintiff's Motion Seeking Permission to File First Amended Complaint* [Doc. 23] (the "Motion to Amend") pending resolution of Defendant's *Motion to Compel Arbitration* [Doc. 13] (the "Motion to Compel Arbitration"). Defendant also opposes Plaintiff's Motion for Reconsideration. [Doc. 34.]

For the reasons stated herein, Plaintiff's Motion for Reconsideration [Doc. 33] and Motion to Strike [Doc. 31] are both denied.

## I. **Plaintiff's Motion for Reconsideration**

Plaintiff seeks reconsideration of an Order issued on September 7, 2018 [Doc. 29] (the "September 7th Order"), in which the Court reserved judgment on Plaintiff's Motion to Amend pending resolution of Defendant's Motion to Compel Arbitration.[1] Plaintiff asks the Court to vacate the September 7th Order and grant leave to file the proposed Amended Complaint [Doc. 23, Ex. A] (the "Proposed Amended Complaint") submitted with Plaintiff's Motion to Amend. Because Plaintiff has failed to raise any controlling law or facts that the Court overlooked in its September 7th Order, Plaintiff's Motion for Reconsideration is DENIED.

### A. Background

Plaintiff filed her initial Complaint on June 18, 2018, alleging discrimination and retaliation in violation of Title VII, the Connecticut Fair Employment Practices Act, and the Pregnancy Discrimination Act. [Doc. 1.] At the time, one of the two discrimination charges that Plaintiff had filed with the Connecticut Commission on Human Rights and Opportunities (CHRO) remained pending, and Plaintiff had not received a Release of Jurisdiction authorizing suit on the second charge. [*Id.* at ¶ 11.] Shortly thereafter, Defendant filed a motion seeking to compel arbitration of Plaintiff's claims and stay the proceedings pending completion of the arbitration. [Doc. 13.] The Motion to Compel Arbitration is now fully briefed.

---

[1] Plaintiff incorrectly states that the Court's decision denied Plaintiff's Motion to Amend when, in fact, it temporarily reserved judgment on and stayed proceedings with respect to the Motion to Amend. [*See* Doc. 33-1 at 4.] This is a distinction with a difference, as the Court's order expressed no view as to the merits of Plaintiff's Motion to Amend. We again emphasize that neither the Court's September 7th Order nor this ruling speak to the underlying merits of Plaintiff's Motion to Amend or preclude the possibility that Plaintiff may be entitled to amend her Complaint at a later date.

The CHRO issued a Release of Jurisdiction for Plaintiff's second charge on July 30, 2018 [Doc. 23, Ex. A at ¶12], and Plaintiff subsequently sought leave to amend her Complaint to "include [the] additional claims" released by the CHRO [*Id.* at 1]. Plaintiff's Proposed Amended Complaint stated that the Release of Jurisdiction letter had been received and appended a copy of the letter. [*Id.*, Ex. A at ¶12, Ex. D.] It did not, however, include any additional factual allegations or new claims for relief arising from the newly released charges. [*See id.*] The Proposed Amended Complaint also added factual allegations concerning the enforceability of the arbitration provision (Count IX of the Complaint), which were unrelated to the CHRO's Release of Jurisdiction. [*See id.*] These include allegations that Ms. Murphy had never seen the employment application form she was asked to sign prior to her job interview, that Ms. Murphy was not asked if she would like to consult an attorney prior to signing the application, and that Ms. Murphy had been unfamiliar with what an arbitration agreement was. [*Id.* at ¶¶ 199-215.] The proposed Amended Complaint included no additional charges or other material changes. Defendant opposed Plaintiff's Motion to Amend. [Doc. 34.]

On September 7, 2018 the Court entered an electronic order staying proceedings and reserving judgment on Plaintiff's Motion to Amend pending resolution of Defendant's Motion to Compel Arbitration [Doc. 29.] The Court explained that because Plaintiff's Motion to Amend would become moot if Defendant's pending Motion to Compel were granted, judicial economy counseled in favor of staying the Motion to Amend. [*Id.*] Plaintiff then filed the present Motion for Reconsideration. [Doc. 33.]

### B. Standard for Reconsideration

The standard for granting a motion for reconsideration is "strict," and reconsideration will "generally be denied unless the moving party can identify controlling decisions or data that the

court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). This exacting standard is codified in the District of Connecticut Local Rules of Civil Procedure, which dictate that motions for reconsideration "shall satisfy the strict standard applicable to such motions" and "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. Civ. R. 7(c). The Second Circuit has identified three major grounds that may justify reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks and citation omitted); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (same).

Importantly, a motion for reconsideration is not a "second bite at the apple" for a party dissatisfied with a court's ruling, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)), nor is it an opportunity to "advance new facts, issues, or arguments not previously presented to the court," *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)). "A motion for reconsideration may not treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Ambac Assur. Corp. v. EMC Mortg. Corp.*, No. 08 CIV. 9464 RMB THK, 2011 WL 308276, at *2 (S.D.N.Y. Jan. 28, 2011) (quotation marks and citation omitted). Rather, the "sole function of a proper motion for reconsideration is to call

to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision; in other words, an obvious and glaring mistake. Motions for reconsideration allow the district court to correct its own mistakes, not those of the [p]arties." *Id.* (quoting *Levin v. Gallery 63 Antiques Corp.*, No, 04 Civ. 1504 (KMK), 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007); *see also Lopez v. Smiley*, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005) ("A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." (quotation marks and citation omitted)); *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) ("[A] motion for reconsideration is appropriate only where the movant demonstrates that "the Court has overlooked controlling decisions or factual matters *that were put before it on the underlying motion . . .* and which, had they been considered, might have reasonably altered the result before the court." (citation and quotation marks omitted)).

**C. Analysis**

Plaintiff first argues she is required to amend her Complaint to comply with a 90-day case filing deadline set forth by the CHRO. [Doc. 33-1 at 2.] Specifically, she cites Connecticut Gen. Stat. Ann. ¶ 46a-101, which provides in relevant part that:

> (a) No action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission in accordance with the provisions of this section…. (e) Any action brought by the complainant in accordance with section 46a-100 shall be brought not later than ninety days after the date of the receipt of the release from the [CHRO].

Conn. Gen. Stat. Ann. ¶ 46a-101. Plaintiff contends that the Court must grant the Motion for Reconsideration "to allow for the timely filing" of "the newly released charges" within the 90-day period set by the CHRO. [Doc. 33-1 at 2.]

Plaintiff also argues that the Proposed Amended Complaint "contains additional allegations which might reasonably be expected to alter the Court's consideration of Defendant's Motion to Compel Arbitration." [Doc. 33-1 at 3.] The Proposed Amended Complaint includes several new factual allegations concerning the circumstances of Plaintiff's entry into the arbitration clause at issue [*see* Doc. 23, Ex. A at ¶ 199-215], which Plaintiff contends "bear directly upon the Court's consideration of the pending Motion to Compel." [Doc. 33-1 at 3.]

Plaintiff is not entitled to reconsideration on either basis. Plaintiff never raised either issue in the original briefing of her motion to amend, and cannot now seek reconsideration on those grounds. *See Schoolcraft v. City of New York*, No. 10 CIV. 6005 RWS, 2012 WL 2958176, at *4 (S.D.N.Y. July 20, 2012) (denying plaintiff's motion for reconsideration because "[s]imply put, the briefing Plaintiff filed in support of his motion to amend never raised the issues Plaintiff has identified here in his motion for reconsideration"); *Dollar Phone Corp. v. St. Paul Fire*, No. 09-CV-1640 DLI VVP, 2011 WL 837793, at *3 (E.D.N.Y. Mar. 4, 2011) (declining to reconsider denial of plaintiff's motion to amend because the proposed amendment "was not before the court in [p]laintiffs' original motion, and thus was not properly the subject of a motion for reconsideration"); *AMBAC*, 2011 WL 308276, at *2 (denying motion for reconsideration of plaintiff's motion to amend because the party failed to raise the issue in its original briefing); *see also Cohen v. Federal Express Corp.*, No. 07 Civ. 01288 (RJH) (THK), 2007 WL 1573918, at *4 (S.D.N.Y. May 24, 2007) ("[A] party is not permitted to put forth new facts, issues, or arguments that were not presented to the court on the original motion."). Plaintiff's Motion to Amend briefing stated only that Plaintiff sought to amend the Complaint "to include [] additional claims" newly released by the CHRO. [Doc. 23 at 1.] It did not cite Conn. Gen. Stat. Ann. ¶ 46a-101 as a basis for permitting amendment, nor did it even mention the

inclusion of new factual allegations concerning the enforceability of the arbitration clause at issue. Under these circumstances, Plaintiff may not now take a "second bite at the apple" by advancing new arguments. *Analytical Surveys*, 684 F.3d at 52.

Even setting aside this threshold inadequacy, however, Plaintiff's arguments fall short of the "strict" standard for reconsideration. *AMBAC*, 2011 WL 308276, at *2. With respect to Conn. Gen. Stat. Ann. ¶ 46a-101, Defendant correctly notes that the Proposed Amended Complaint does not add any new charges—Plaintiff filed all of her claims for relief in the original Complaint. Plaintiff provides no reason, then, that any of her claims would be time barred under Conn. Gen. Stat. Ann. ¶ 46a-101 when they were all filed before the end of the limitations period. *See Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir. 1998) ("The pertinent inquiry, in this respect, is whether the original complaint gave the defendant fair notice of the newly alleged claims.").

Nor is the Court persuaded that the addition of certain factual allegations warrants reconsideration of its September 7th Order. The additional allegations in Plaintiff's Proposed Amended Complaint are a smattering of details and clarifications that do not change the operative facts of Plaintiff's claim for relief. They do not reflect a controlling decision, newly discovered evidence, or dispositive facts that the Court overlooked, *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and the mere fact that they might bear upon the Court's analysis of the pending Motion to Compel does not merit reconsideration. *See AMBAC*, 2011 WL 308276, at *2 (reconsideration warranted only to correct "an obvious and glaring mistake"). Plaintiff's motion for reconsideration will therefore be DENIED.[2]

---

[2] Although we do not credit Plaintiff's argument here, we note that this ruling will have little or no practical effect on the facts that we consider in deciding Defendant's Motion to Compel Arbitration. The Court may properly consider documents outside of the pleadings for purposes of deciding a motion to compel arbitration. *See, e.g.*, *Sacchi v. Verizon Online LLC*, No. 14-CV-423-RA, 2015 WL 765940, at *1 (S.D.N.Y. Feb. 23, 2015); *Catlin*

## II. Plaintiff's Motion to Strike

Plaintiff also urges the Court to strike the Defendant's August 23 Memorandum [Doc. 27], arguing that it is contains new arguments that render it "tantamount to a surreply" and was filed "without conferring in good faith and without obtaining leave from the Court." [Doc. 31-1 at 1.] In the alternative, Plaintiff requests permission to file a surreply responding to Defendant's August 23 Memorandum. [*Id.*]

Plaintiff is not entitled to the relief that she seeks. Reply briefs are permitted in this jurisdiction as a matter of course, and require neither leave of the court nor conferral with the opposing party prior to filing. *See* D. Conn. L. Civ. R. 7(d) (permitting, as a matter of course, reply briefs filed "within fourteen (14) days of the filing of the responsive memorandum to which reply is being made . . . ."). Defendant filed its Motion to Compel Arbitration on July 12, 2018. In response, Plaintiff filed its Opposition Brief on August 18, 2018. Defendant was then entitled to–and did–file a timely reply brief, *i.e.*, the August 23 Memorandum, responding to the arguments raised in Plaintiff's opposition. *See* D. Conn. L. Civ. R. 7(d).

While Plaintiff correctly notes that reply briefs must generally be confined to matters raised in prior briefing, Defendant's August 23 Memorandum contained no new arguments. Plaintiff identifies only one argument that she claims is new: a footnote citing two blog posts from Plaintiff's counsel's website that describe agreements to arbitrate Title VII claims as generally enforceable. [*See* Doc. 31-1 at 2; Doc. 27 at 2, n.3.] But it is well-established in this Circuit that "reply papers may properly address new material issues raised in opposition papers

---

*Syndicate 2003 v. Traditional Air Conditioning, Inc.*, No. 17-CV-2406, 2018 WL 3040375, at *1 (E.D.N.Y. June 18, 2018). It appears that Plaintiff's Opposition Brief also includes the newly raised factual allegations from Plaintiff's Proposed Amended Complaint. To the extent that these facts are properly before the Court in Plaintiff's Opposition Brief, they will be considered in reaching our decision.

so as to avoid giving unfair advantage to the answering party." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226-27 (2d Cir. 2000). The footnote at issue did precisely that: it addressed the argument, newly raised in Plaintiff's Opposition Brief, that agreements to arbitrate Title VII claims are generally unenforceable as contrary to public policy. *See, e.g.*, Doc. 26 at 1 ("Forced arbitration of Title VII claims inherently violates the strong public policy against gender discrimination in the workplace."). To the extent that Plaintiff believes that other new arguments were raised in the August 23 Memorandum, it is incumbent on the Plaintiff–not the Court–to specifically identify them.[3]

## III. Conclusion

Plaintiff's Motion to Strike [Doc. 31] is DENIED. Defendant's August 23 Memorandum [Doc. 27] will remain on the docket as filed, and Plaintiff's Proposed Surreply will not be considered. Plaintiff's Motion for Reconsideration [Doc. 33] is also DENIED. The Court adheres to its September 7th Order [Doc. 29] reserving judgment on Plaintiff's Motion to Amend pending resolution of Defendant's Motion to Compel.

**It is SO ORDERED.**

Dated: New Haven, Connecticut
      October 25, 2018

                                        */s/ Charles S. Haight, Jr.*
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge

---

[3] We further note that even if the footnote at issue *had* contained a new argument, the appropriate remedy would not be–as Plaintiff suggests–to strike the entirety of the August 23 Memorandum. Nor, in response to a one-sentence footnote, would the Court permit Plaintiff to file the proposed 7-page surreply, which responds at length to the entirety of Defendant's reply brief and reargues the points made in Plaintiff's opposition brief. Rather, this Court's "broad discretion" to consider evidence improperly submitted on reply would counsel us to, at most, disregard the footnote–a footnote that, in any event, does not move the needle on the Court's final decision. *KLP Enterprises, LLC v. Thomas J. Sassani*, No. 3:17-CV-665 (MPS), 2018 WL 4516667, at *5 (D. Conn. Sept. 19, 2018); *Ruggiero v. Warner–Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (noting that it was within district court's discretion to consider or disregard arguments made for the first time in a reply brief).